IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MILDRED F. TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-2481-BD |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mildred F. Taylor seeks judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* For the reasons stated herein, the hearing decision is affirmed.

I.

Plaintiff alleges that she is disabled as a result of back problems, right hand carpal tunnel syndrome, and high blood pressure. After her application for disability benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on August 2, 2004. At the time of the hearing, plaintiff was 52 years old. She has an eleventh grade education and past work experience as an electronics assembler and a bonder. Plaintiff has not engaged in substantial gainful activity since August 24, 2001.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the medical evidence established that plaintiff suffered from degenerative disc disease and hypertension, the judge concluded that the severity of those

impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform her past relevant work as a bonder. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In her sole ground for relief, plaintiff argues that the ALJ erroneously found that she could return to her past relevant work as a bonder.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential

evaluation process that must be followed in making a disability determination:

> 1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.
>
> 3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.
>
> 4. If the claimant has a "severe impairment" covered by the regulations but is not presumptively disabled, the hearing officer must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the

Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff challenges the finding that she retained the residual functional capacity to work as a bonder, a sedentary job, because her past relevant work was actually a "composite" of three jobs performed at the light exertional level. "Where it is clear that a claimant's past employment was a 'composite job,' an administrative law judge may not find the claimant capable of performing her past relevant work on the basis that she can meet some of the demands of her previous position, but not all of them." *Bechtold v. Massanari*, 152 F.Supp.2d 1340, 1345 (M.D. Fla.), *aff'd*, 31 Fed.Appx. 202 (11th Cir. 2001), *citing Armstrong v. Sullivan*, 814 F.Supp. 1364, 1372 (W.D. Tex. 1993) *and Taylor v. Bowen*, 664 F.Supp. 19, 22-23 (D. Me. 1987).[1]

Notwithstanding plaintiff's arguments, there is more than enough evidence in the record to support the finding that plaintiff worked as a bonder, rather than a "composite" job performed at the light exertional level. In her Work History Report, plaintiff listed three different jobs she performed

---

[1] "Composite jobs" have significant elements of two or more occupations and, as such, have no counterpart in the Dictionary of Occupational Titles. *See* SSR 82-61, 1982 WL 31387 at *2 (1982).

during the past 15 years--SMT Machinist, bonding, and mounting. (Tr. at 119). Plaintiff stated that she worked as an SMT Machinist from August 2000 to August 2001 and as a bonder and mounter from May 1978 through August 1999. (*Id.*). She described the bonding and mounting jobs as requiring "sitting still look trough [sic] microscope all day." (*Id.* at 120). Essentially the same information was provided by plaintiff in her Disability Report. (*Id.* at 96). When questioned by the ALJ about her work record, plaintiff clearly indicated that she performed different jobs for the same employer at different times:

> Q: [W]hat was your job at the time that you became disabled? Where were you working and what were you doing?
>
> A: [Inaudible] Networks, service [inaudible] technology.
>
> Q: All right. Now could you explain to the Judge what, specifically, you were doing? Now, you worked for this company for a number of years. Is that correct?
>
> A: Yes.
>
> Q: Did you do different things for them or was it basically all one thing?
>
> A: In the beginning, it was different. Then they discontinued certain jobs. In the end, you just move on.
>
> Q: All right. All right. Then let's go back to my original request. Describe what you were doing at the time you became disabled and couldn't work any longer?
>
> A: I had to load reels on to a machine for service [inaudible] technology.
>
> \* \* \* \*
>
> Q: All right. Now and that was the job you were doing when you last worked there?
>
> A: When I last worked.

(*Id.* at 26-27). A vocational expert testified that the occupation of "bonder" is a sedentary, unskilled job. (*Id.* at 46). Taken together, this evidence supports a finding that plaintiff had the residual functional capacity to return to her past relevant work as a bonder.[2]

## CONCLUSION

Having reviewed the record, the court finds that the ALJ's decision denying plaintiff's application for disability insurance benefits is consistent with applicable legal standards and supported by substantial evidence. Accordingly, the hearing decision is affirmed in all respects.

SO ORDERED.

DATED: November 20, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The ALJ found that plaintiff had the residual functional capacity to perform sedentary work, (*see* Tr. at 19), a finding plaintiff does not challenge on judicial review.